STATE OF MINNESOTA

IN SUPREME COURT

A15-1146



FILED

November 17, 2015

OFFICE OF
APPELLATE COURTS

In re Petition for Disciplinary Action against
Alfred Aaron Griffin, a Minnesota Attorney,
Registration No. 0254150.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action and a supplementary petition for disciplinary action alleging that respondent Alfred Aaron Griffin has committed professional misconduct warranting public discipline—namely, intentionally avoiding service of process, failing to pay child support obligations, failing to attend court hearings, providing legal advice while suspended from the practice of law, implying that he had the ability to improperly influence the Transportation Security Administration, and failing to cooperate in disciplinary investigations. *See* Minn. R. Prof. Conduct 5.5(a), 8.1(b), 8.4(d), 8.4(e); Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent waives his rights under Rule 14, RLPR, withdraws his answer to the petition for disciplinary action, and unconditionally admits the allegations in the petition for disciplinary action and the supplementary petition for disciplinary action. The parties jointly recommend that the appropriate discipline is an indefinite suspension with the requirement to petition for reinstatement.

1

Several aggravating factors are present in this case. Respondent's misconduct is aggravated by his prior disciplinary history, which consists of three admonitions, a private probation, and a 60-day suspension, and which includes the same type of misconduct respondent has admitted to committing in this case. Respondent committed some of the misconduct in this case while on disciplinary probation. He also has a history of failing to follow orders from this court. For example, he failed to take and pass the professional responsibility portion of the state bar examination, as required by prior orders of this court suspending and then conditionally reinstating him to the practice of law. Given these circumstances, we believe a minimum period of time must be included in respondent's indefinite suspension before he is authorized to petition for reinstatement.

The court has independently reviewed the file and approves the recommended disposition in part. We agree that respondent should be indefinitely suspended and that he must petition for reinstatement. However, respondent will not be allowed to petition for reinstatement until at least 4 months from the date of this suspension.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent Alfred Aaron Griffin is indefinitely suspended from the practice of law, effective as of the date of the filing of this order, with no right to petition for reinstatement until 4 months from the date of the filing of this order.

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs and $285 in disbursements pursuant to Rule 24, RLPR.

2

3.     Respondent may petition for reinstatement pursuant to Rule 18(a)-(d), RLPR.  Reinstatement is conditioned on successful completion of the professional responsibility portion of the state bar examination and satisfaction of continuing legal education requirements pursuant to Rule 18(e), RLPR.

Dated:  November 17, 2015          BY THE COURT:

_____

David R. Stras
Associate Justice